LOUISA BELTER, as Executrix, etc., Respondent, *v.* HANNAH LYON *et al.*, Appellants.

*Court of Appeals, June 8, 1886.*

*Mortgage. Foreclosure.*—The plaintiff, who purchased at a foreclosure sale under an arrangement that the sale was to take place in due and lawful form, and to be an effective and real sale, and that if she, or any one for her, became purchaser, she should go into possession as such; but that at any time within one year after taking title, she should reconvey to the defendant upon being paid the mortgage debt and interest and subsequent expenditures, is entitled to a deed from the referee, and is not liable to account as a mortgagee in possession; and an order requiring the delivery of the referee's deed, and denying the motion for an account, is properly granted.

Appeal from an order of the general term of the court of common pleas, affirming an order of the special term requiring the referee in foreclosure to deliver to plaintiff a deed of the premises, and denying a motion of defendant for an account of the rents of the said premises, and the surrender of the premises on payment of the balance due, or for the sale of the premises.

*W. J. Marvin*, for appellant.

*W. B. Hornblower*, for respondent.

PER CURIAM.—Whether the foreclosure sale at which the plaintiff's son was the highest bidder proceeded, by agreement of the parties, upon the basis of a right of purchase secured to the mortgagor, or was meant to be ineffective and inoperative if the plaintiff, or some one representing her, became the highest bidder, because of the defective title, and the consequent danger of a sacrifice, is a question of fact about which the parties widely disagree, and the affidavits presented are extremely contradictory. A letter, however, written by the attorney who represented both parties in the endeavor to perfect the title, and sent to the defendant, seemed to the general term the most reliable evidence of the agreement actually made, and the only prudent basis on which to solve the dispute. In that conclusion we are disposed to concur. The letter indicates, as the real arrangement made, that the sale was to take place in due and lawful form, and be an effective and real sale, and not a sham; that if the plaintiff, or any one for her, became purchaser, she should go into possession as such; but that at any time within one year "after taking title" she should reconvey to the defendant upon being paid the mortgage debt and interest, and subsequent expenditures named.

Upon any construction of this letter, the plaintiff is entitled to a deed from the referee, and is not liable to account as mortgagee in possession, since she is in as purchaser. The order made requiring the delivery of the referee's deed, and denying the motion for an account, was therefore correct and must be affirmed.

But this determination leaves open the question of the rights of Mrs. Lyon under the contract for repurchase. She is at liberty to seek to enforce it; and the inquiries whether, upon a correct construction of the agreement, she will be in time or too late, the extent and nature of the contract, and its validity and obligations, are left open to be

determined in such action or proceeding as may be instituted for that purpose.

The order should be affirmed, with costs.

All concur.